**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JAN 17 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| FELIX JOHN DSOUZA, | No. 15-70896 |
| Petitioner, | Agency No. A088-706-641 |
| v. | |
| MATTHEW G. WHITAKER, Acting Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 15, 2019**

Before:    TROTT, TALLMAN, and CALLAHAN, Circuit Judges.

Felix John Dsouza, a native and citizen of India, petitions for review of the

Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's ("IJ") decision denying his application for asylum,

withholding of removal, and relief under the Convention Against Torture ("CAT").

---

\*    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010). We deny the petition for review.

Substantial evidence supports the agency's adverse credibility finding based on the inconsistencies as to Dsouza's 2003 beating and his wife's conversion to Christianity, and based on his admitted lies to the asylum officer. *See id.* at 1048 (adverse credibility finding reasonable under the totality of the circumstances); *see also Singh v. Holder*, 643 F.3d 1178, 1181 (9th Cir. 2011) ("An asylum applicant who lies to immigration authorities casts doubt on his credibility and the rest of his story."). Substantial evidence also supports the agency's finding that Dsouza's corroborative evidence did not otherwise establish his eligibility for relief. *See Garcia v. Holder*, 749 F.3d 785, 791 (9th Cir. 2014) (petitioner's documentary evidence was insufficient to rehabilitate credibility or independently support claim). Further, substantial evidence supports the agency's finding that Dsouza otherwise failed to establish sufficient individualized risk under a disfavored group analysis to establish a well-founded fear of future persecution, *see Halim v. Holder*, 590 F.3d 971, 977-79 (9th Cir. 2009), and its finding that he failed to show a pattern or practice of persecution of Christians in India, *see Wakkary v. Holder*, 558 F.3d 1049, 1060-62 (9th Cir. 2009). We lack jurisdiction to consider Dsouza's

claim that the IJ failed to provide him notice as to corroboration requirements. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (court lacks jurisdiction to review claims not presented to the agency). Thus, Dsouza's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Finally, Dsouza's CAT claim fails because it is based on the same testimony the agency found not credible, and Dsouza does not point to any other evidence in the record that compels the conclusion that it is more likely than not he would be tortured if returned to India. *See id.* at 1156-57.

Dsouza's motion to accept a late filing is granted.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**